IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANUARY CUNNINGHAM, | ) |
| Plaintiff, | ) No. 3:10-cv-00358 |
| v. | ) Judge Nixon |
| | ) Magistrate Judge Knowles |
| WINDRIVER MANAGEMENT GROUP, | ) JURY DEMAND |
| LLC, d/b/a THE LODGE SPORTS PUB, | ) |
| and FRANK CALDWELL, | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Defendants Windriver Management Group, LLC, d/b/a The Lodge Sports Pub and Frank Caldwell's Motion to Dismiss for Lack of Prosecution (Doc. No. 52) ("Motion"), filed with a Memorandum in Support (Doc. No. 53). Also pending is Defendants' Motion to Ascertain Status (Doc. No. 59), which is **GRANTED**. For the reasons given herein, the Court **GRANTS** Defendants' Motion to Dismiss. The above-captioned case is therefore **DISMISSED with prejudice** for failure to prosecute.

I. BACKGROUND

Plaintiff January Cunningham instituted this employment discrimination case against Defendants on April 9, 2010. (Doc. No. 1.) In October 2010, Magistrate Judge Knowles issued an order compelling discovery after Plaintiff had failed to respond to Defendants' interrogatories and requests for production of documents. (Doc. No. 11.) Plaintiff failed to respond to Defendants' requests by the new deadline, and Magistrate Judge Knowles issued a Report and Recommendation recommending dismissal of the action with prejudice. (Doc. No. 14.) After

1

Plaintiff objected to the Report (Doc. No. 15) and Defendants filed a Response (Doc. No. 16), the Court declined to adopt the Magistrate Judge's recommendation. Instead, the Court allowed the case to proceed, noting that Plaintiff answered Defendants' Interrogatories only two days after the new deadline and that Plaintiff cited "significant hardships" as the reason for her lapse in diligence in pursuing her case. (Doc. No. 17 at 1-2.) However, the Court warned that "further failures to comply with court orders . . . may [result in the case being] dismissed with prejudice." (*Id.* at 2.)

The Court subsequently became aware that Plaintiff's counsel, W. Alan Alder, was suspended from the practice of law by the Supreme Court of Tennessee. As a result, the Court ordered Plaintiff to notify the Court of the status of her representation by September 30, 2011. (Doc. No. 51.) To date, neither Plaintiff nor Mr. Alder have responded to this Order.[1]

Defendants filed the instant Motion on October 3, 2011 and served it on Plaintiff's attorney and on Plaintiff directly. (Doc. No. 52 at 2.) Despite a deadline of fourteen days in which to respond to a motion under Local Rule 7.01(b), Plaintiff and Mr. Alder have not filed a response to or otherwise communicated with the Court about Defendants' Motion to date.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Procedure 41(b), if a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim

---

[1] Although Mr. Adler is still counsel of record and thus Plaintiff is not currently proceeding *pro se*, the Clerk mailed this Order, along with another Order continuing the pretrial conference and trial in this case (Doc. No. 56), to Plaintiff via certified mail. (Doc. No. 57.) While the Order was in fact sent to Plaintiff after the Court's September 30, 2011 deadline—the docket entry indicates it was sent on October 6, 2011—the Court has given Plaintiff additional time to receive and respond to this notice. Nevertheless, the Court understands that notice of this mailing was left at Plaintiff's home on October 8, 2011, and Plaintiff failed to claim it at her nearest post office through October 26, 2011, when the mailing was returned to and received by the Court on October 31, 2011 (Doc. No. 58).

against it." In the Sixth Circuit, there is a four-factor test to determine whether granting a motion pursuant to Rule 41(b) is warranted:

> "(1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that the failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."

*Hood v. Smith's Transfer Corp.*, No. 98-5917, 1999 U.S. App. LEXIS 20959, at *7-8 (6th. Cir. Aug. 26, 1999) (quoting *Harmon v. CSK Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997)). Moreover, the "competing concerns which guide whether a court should dismiss an action for failure to prosecute" include "the court's need to manage its docket, the public's interest in expeditious resolution of litigation, . . . the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims, . . . [and] the policy which favors disposition of cases on their merits." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citations omitted).

### III. ANALYSIS

As grounds for this Motion, Defendants argue that Plaintiff has repeatedly failed to prosecute this case, resulting in numerous delays and a near-dismissal of the case altogether in October of 2010. (Doc. No. 53 at 1.) Moreover, Defendants note that Plaintiff's attorney had his license to practice law suspended by the Supreme Court of Tennessee on August 31, 2011, and Plaintiff has failed to comply with a recent order of this Court requiring her to advise the Court of the status of her representation. (*Id.* at 2.) Plaintiff has not responded to Defendants' Motion.

In this case, the Court finds that dismissal pursuant to Rule 41(b) is appropriate. While the Court cannot say that previous delays were as a result of "willfulness, bad faith, or fault,"

because Plaintiff has admitted that personal hardships were the cause of previous delays, the other factors articulated by the Sixth Circuit in *Hood v. Smith's Transfer Corp.* are satisfied here. Defendants note that they have been diligently preparing for trial (Doc. No. 53 at 2-3), a trial that the Court had to continue due to uncertainties with Plaintiff's representation (Doc. No. 56). Accordingly, the Court finds that Defendants have been "prejudiced" by the numerous delays, including relatively last-minute delays prior to trial. Moreover, the Court previously warned Plaintiff that future lack of compliance with court orders could lead to dismissal of her case. (Doc. No. 17 at 2.) Finally, while dismissal is certainly a harsh sanction that the Court does not take lightly, the Court has allowed Plaintiff numerous chances to come into compliance with court orders, but she has failed to do so. As such, the Court has repeatedly employed "less drastic sanctions" prior to the current order of dismissal.

In short, Plaintiff has had several chances to see her case through, but has failed to do so. The Court finds that allowing the case to proceed at this point is not in the public interest or in keeping with the needs of judicial economy. Accordingly, Defendants' Motion is **GRANTED**.

IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss. The abovementioned case is hereby **DISMISSED with prejudice** for failure to prosecute.

It is so ORDERED.

Entered this the ____8th____ day of November, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT